In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2102

RICKY HALL,

*Plaintiff-Appellant,*

*v.*

JAEHO JUNG,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 7645 — **John Z. Lee**, *Judge.*

ARGUED FEBRUARY 25, 2016 — DECIDED APRIL 12, 2016

Before BAUER, MANION, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge*. More experienced attorneys often stress to younger attorneys the importance of preserving the record during trial. This case illustrates the importance of not only preservation of the record but also of compliance with procedural rules. Plaintiff-appellant, Ricky Hall, appeals from a jury verdict in favor of defendant-appellee, Chicago Police Officer Jaeho Jung. Hall challenges four of the district court's rulings on evidentiary issues. Because Hall failed to provide us

with transcripts memorializing the proceedings regarding three of the four rulings, we are precluded from reaching the merits of Hall's claims on those rulings. Hall's fourth challenge does not warrant reversal.

## I.  BACKGROUND

On February 19, 2012, Officer Jung was working as an officer with the Chicago Police Department on an overnight shift with his partner, Officer Jeffrey Jones. While on patrol in a marked police car in the area of 79th Street and Stony Island Avenue, the officers approached a food vendor named the "Maxwell Street Hot Dog Stand" and saw a woman run into traffic waving her hands to get their attention. Officer Jung stopped the car and saw the woman's face covered in blood. The woman told the officers that her name was Ashley Woody and that her husband had just pushed her and struck her in the face. Woody pointed west toward Stony Island Avenue, where Hall was standing, to identify her husband.

Officer Jung turned the car around, parked, and walked towards Hall. Hall was irate, screaming and swearing at Woody. Officer Jung approached Hall and attempted to calm him down. Hall moved away from Officer Jung and continued to scream profanities. Hall did not comply with Officer Jung's commands to "stop, put his hands behind his back, calm down, [and] stop screaming."

Officer Jones also approached Hall and grabbed Hall's right side. Hall attempted to twist away from Officer Jones by swinging his body to the left. The momentum Hall generated caused him to fall to the ground. Officer Jung used the opportunity to perform an arm bar and wrist lock on Hall in order to

place him into handcuffs. Officer Jones testified that he felt the need to perform an emergency takedown because Hall was actively resisting arrest and attempting to flee.

After he was placed in handcuffs, Hall started kicking his legs in an attempt to roll onto his side and get up from the ground. Officer Jung crisscrossed Hall's legs to prevent him from kicking. The officers then picked Hall up into a standing position in order to get him into the squad car.

Hall continued to resist. He took some steps forward, twisted his body, and fell to the ground, landing on his left arm. Eventually, the officers were able to get Hall to the police station.

At no time during the arrest did Hall complain of pain in his arm or indicate that he thought his arm was injured or broken. Several hours later at the police station, Hall complained that his arm hurt; he was taken to the hospital, where doctors discovered his left arm was fractured. The entire arrest of Hall was captured on video by one of the hot dog stand's surveillance cameras. The Cook County State's Attorney filed criminal charges against Hall for resisting arrest, to which charge Hall pleaded guilty.

Hall filed suit against Officer Jung and Officer Nicholas White in state court. He claimed excessive force and counts of assault and battery pursuant to state law against each of the defendants. The defendants removed the case to federal court. The district court granted Officer White's motion for summary judgment, and that ruling is not part of this appeal.

Hall's excessive force claim against Officer Jung proceeded. During discovery, the magistrate judge set a deadline of July 31, 2014, for Hall to disclose his expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). While Hall identified his expert witness as William T. Gaut, Ph.D. by the July 31 deadline, he failed to provide the expert's report. Officer Jung moved to strike Hall's disclosure for failing to comply with Rule 26(a)(2) requirements. Hall did not file a response to Officer Jung's motion to strike. The magistrate judge granted Officer Jung's motion and barred Hall from presenting Dr. Gaut as an expert witness at trial.

Officer Jung also disclosed the name of an expert witness; however, prior to the deadline for his Rule 26(a)(2) disclosure, he withdrew the expert witness, electing to proceed to trial without expert witness testimony. After the magistrate judge closed discovery, Hall filed a motion to proceed with a rebuttal expert witness, Dr. James A. Williams. The magistrate judge denied the motion, finding that rebuttal was unnecessary since there would be no expert opinions to rebut.

Next, Officer Jung moved *in limine* to preclude Hall from presenting testimony from his wife Woody. Officer Jung had been unable to subpoena Woody to take her deposition, because the address provided by Hall for Woody was actually a vacant lot. The district court held off ruling to give Hall an opportunity to produce Woody for her deposition. Hall secured Woody's appearance, and her deposition was completed.

Jury trial began on April 20, 2015. Officer Jung testified as an adverse witness during Hall's case-in-chief. Then when Hall

was to call Woody, she was not present in court; Hall moved to introduce the transcript of Woody's deposition in lieu of live testimony under Federal Rule of Civil Procedure 32(a)(4)(C), representing that Woody did not appear because "she had a medical emergency with her daughter." The district court told Hall to call Woody the next day; Woody failed to appear that day as well, reporting to Hall's counsel that "her feet and legs [were] numb and she [could not] get out of bed." Officer Jung objected to the proposed introduction of her deposition testimony.

The district court denied Hall's motion, declining to accept Woody's excuses without additional evidentiary support. The district court expressed concerns regarding Woody's credibility "given the history of [the] case and the factual developments in [the] case." Specifically, Woody had testified at her deposition that she did not approach the officers and did not have blood on her face. The district court found Woody's credibility to be a "substantial factor" in the issues for determination at trial, and that admitting Woody's deposition testimony would thwart the jury's ability to determine her credibility.

Hall also moved during trial, pursuant to Rule 32(a)(4), to admit the deposition testimony of Dr. Grate Bell, Hall's emergency room treating physician. By his own representations, Hall's counsel had failed to secure Dr. Bell's appearance. On the day that Dr. Bell was to testify, Hall's counsel called the hospital and was informed that Dr. Bell was not working that day. The district court denied Hall's motion to admit Dr. Bell's deposition testimony, finding Dr. Bell was not "unavailable" according to Rule 32(a)(4)'s requirements. The district court

found that Hall had subpoenaed Dr. Bell, and that Hall had the duty to secure her appearance.

Hall also attempted to have admitted his medical records through his own testimony.[1] The medical billing records were admitted, and the district court allowed the remaining medical records to come in only for a limited purpose—to show the treatment Hall received—but "not for the truth of the matter asserted in those records." Hall also offered the remaining medical records into evidence via the testimony of Dr. David Stasior, who had treated Hall at Cook County Hospital on the date of his arrest. The district court admitted those records pertaining to Dr. Stasior's treatment and allowed Dr. Stasior to testify about his treatment of Hall. It excluded the medical records prepared by another hospital and not involving Dr. Stasior.

Finally, during closing argument, counsel for Officer Jung made a comment to the jury regarding the absence of Hall's family and friends as witnesses at trial. Counsel said: "[Hall] told you, those people that you could see standing off to the side in the video, that's his family. Those are his friends. Did any one of them come in to testify what happened to

---

[1] We take the facts presented here pertaining to Hall's attempts to have admitted into evidence his medical records and the comment that Officer Jung's counsel made during closing argument from Officer Jung's appellate brief. Hall failed to comply with Federal Rule of Appellate Procedure 10 by failing to provide us with a complete trial transcript. As such, we have no transcripts memorializing those proceedings dealing with the admission and/or exclusion of Hall's medical records and the closing arguments.

Mr. Hall?" Hall's counsel objected and moved for a mistrial. The district court denied Hall's motion.

After hearing all of the evidence, including watching the surveillance video and hearing Officer Jones' testimony, the jury found in favor of Officer Jung.

## II. DISCUSSION

Hall seeks reversal of the jury verdict based on four evidentiary rulings of the district court. Specifically, he argues that the district court erred when it: (1) prohibited Hall from presenting his expert witness in rebuttal of the officers' testimony; (2) excluded most of Hall's medical records; (3) excluded the deposition testimony of Woody and Dr. Grate Bell; and (4) denied Hall's motion for mistrial based upon comments made by Officer Jung's counsel during closing argument. Three of Hall's claims fail on procedural grounds because he failed to provide a transcript memorializing the proceedings and the district court's analysis and rulings on those issues. Hall's remaining claim fails on the merits.

We address first Hall's claims that fail on procedural grounds. These claims pertain to the exclusion of Hall's rebuttal expert witness testimony, exclusion of Hall's medical records, and the comments made by Officer Jung's counsel during closing argument. Typically, we would review the district court's decisions with regard to these three issues for abuse of discretion. Because Hall failed to submit trial transcripts memorializing Hall's motions and the decisions of the district court, we are unable to review the district court's decisions on the merits of these issues. Fed. R. App. P. 10(b). Hall argues that the district court erred by prohibiting him

from offering opinion testimony from his expert witness to rebut the officers' testimony. Prior to trial, but after discovery closed, Hall moved to permit testimony of an expert witness, Dr. James A. Williams, whom Hall had not previously disclosed via his Rule 26(a)(2) disclosure. The magistrate judge denied the motion because Officer Jung had withdrawn his expert witness and would not be offering any expert opinions at trial. Hall contends here for the first time that he needed expert opinion testimony to rebut the expert testimony of the officers (rather than an expert witness disclosed by Officer Jung), and that the district court erred by precluding such testimony without conducting a hearing pursuant to the standards enunciated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

The partial record before us shows that Hall did not move to admit expert testimony in rebuttal of the officers' testimony and did not move for a *Daubert* hearing. Either Hall failed to make the motion or failed to provide us with the transcript memorializing the motion. If Hall failed to make the motion, he has waived the argument on appeal. *Smith v. Bray*, 681 F.3d 888, 902 (7th Cir. 2012) (citation omitted) (arguments made for first time on appeal are waived). If he failed to provide us with the transcript memorializing his motion, he has forfeited his argument. *Hicks v. Avery Drei, LLC*, 654 F.3d 739, 743–44 (7th Cir. 2011) (citations omitted) (appellant's failure to abide by Fed. R. App. P. 10 and provide sufficient record for meaningful review by appellate court renders argument forfeited); *see also Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003).

While we have held that an unconditional ruling on a pretrial motion generally preserves the issue for appeal, an unconditional ruling "resolves only the arguments actually presented." *Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999) ("[o]nly arguments that were actually presented to the district court before trial are preserved for appeal"). Because Hall's pretrial motion addressed only expert testimony in rebuttal of expert testimony (and not in rebuttal of the officers' lay witness testimony), it does not preserve the issue for appeal.

Second, Hall complains that the district court erred in excluding his medical records. However, as mentioned above, Hall failed to provide us with a complete trial transcript, and the excerpts he has provided do not contain the proceedings referring to his attempt to admit any medical records. Because there are no transcripts or documents contained in the record reflecting the proceedings, including the district court's reasoning or analysis in rendering its decisions with regard to the admission or exclusion of the medical records, any meaningful review on our part is precluded. *Hicks*, 654 F.3d at 743–44 (citations omitted).

Third, Hall also complains that the district court committed reversible error when it denied his motion for a mistrial based upon a comment of Officer Jung's counsel during closing argument. Again, Hall has failed to provide us with a trial transcript or any excerpts reflecting closing arguments. Nor does the record contain the district court's ruling and analysis on this issue; thus we are unable to engage in any meaningful review. *Id.*

We now turn to the sole issue we can address on the merits. Hall complains the district court erred when it excluded the deposition testimony of two of his witnesses. The first witness was Woody, Hall's wife. Hall's counsel informed the district court on the day scheduled for her testimony that Woody failed to appear because she "had a medical emergency with her daughter." Woody failed to appear the following day as well; Hall's counsel represented that "[Woody's] feet and legs [were] numb and she [could not] get out of bed." Hall moved to admit Woody's deposition testimony under Rule 32(a)(4)(C), which the district court denied.

The second witness was Dr. Grate Bell. Although Hall successfully subpoenaed Dr. Bell, he failed to ensure her appearance at trial. Hall likewise moved to admit the doctor's deposition testimony under Rule 32(a)(4) generally, which the district court also denied.

Rule 32(a)(4) allows a party to use deposition testimony in lieu of live testimony at trial against another party when the court finds the proffered witness is unavailable. A witness is unavailable under four circumstances: (1) the witness is dead; (2) the witness is more than 100 miles from the courthouse; (3) the witness is unable to testify due to "age, illness, infirmity, or imprisonment"; or (4) the party moving for admission of the deposition testimony "could not procure the witness's attendance by subpoena."[2] Fed. R. Civ. P. 32(a)(4). We review a

---

[2]    Subsection (E) of Rule 32(a)(4), which provides for use of deposition testimony upon formal motion with appropriate notice in "exceptional circumstances," is inapplicable in this case as Hall did not request the

(continued...)

district court's ruling on a motion to admit deposition testimony for abuse of discretion only. *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996).

The district court did not abuse its discretion in excluding the deposition testimony of either Woody or Dr. Bell. With regard to Woody, Hall specifically cited Rule 32(a)(4)(C) and Woody's "illness" as the basis for the admission. In denying Hall's motion, the district court gave a detailed, well-reasoned analysis. It considered Woody's performance and truthfulness in the proceedings up to that point. It noted that Officer Jung had difficulty in serving Woody with a subpoena, since the address provided by Hall was in fact a vacant lot. It indicated that a material point in the litigation was whether Woody was the woman who waved down the officers on the night of Hall's arrest, as Woody had testified at her deposition that she was not the woman who stopped the officers. The district court reasoned that because Woody's credibility was critical to the assessment of her testimony, Officer Jung would be severely prejudiced by his inability to rebut her deposition testimony. In Woody's absence, Officer Jung would be unable to testify that Woody was in fact the woman who approached his police car with blood on her face. Further, the jury's province of assessing Woody's credibility via live testimony would be divested if Woody's deposition testimony were read into the record. The district court recognized its discretion and exercised it in denying Hall's motion after thoroughly considering

---

[2] (...continued)

admission of Woody's or Dr. Bell's deposition testimony via noticed motion.

the possible ramifications and prejudice that would result from substituting Woody's deposition testimony for live testimony. The district court did not abuse its discretion in excluding Woody's deposition testimony.

Nor did the district court abuse its discretion in excluding Dr. Bell's deposition testimony. The district court found that Dr. Bell was not unavailable under any of the categories under Rule 32(a)(4). The district court reasoned that Hall successfully subpoenaed Dr. Bell and simply failed to secure her presence. The district court even offered to allow Hall to have Dr. Bell testify at a later point in the trial if Dr. Bell appeared. The record indicates that Hall failed to obtain Dr. Bell's schedule and ensure she would attend the trial. No basis for the doctor's absence that would qualify as unavailability under Rule 32(a)(4) is included in the record. The district court did not abuse its discretion in excluding the deposition testimony.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.