**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019[*]
Decided March 21, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2627

| | |
|---|---|
| TURI J. JOSEPH, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 17 C 2104 |
| | |
| TRACY ENGLESON, et al., | Matthew F. Kennelly, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Turi Joseph, a former Illinois inmate and adherent to the Rastafarian Nazarite faith, refused to cut his hair because of his religious beliefs. Prison officials then had him forcibly removed from his cell and given a haircut against his will. Joseph exhausted his administrative remedies and sued. With the assistance of recruited counsel, Joseph filed an amended complaint under 42 U.S.C. § 1983 that included claims against the warden, superintendent, and correctional officers. He alleged that they

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

either issued or followed directives to cut his hair in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, his equal-protection rights under the Fourteenth Amendment, and his free-exercise rights under the First Amendment.

After settlement negotiations broke down, and with the trial date approaching, the district court permitted Joseph's lawyer to withdraw because Joseph had stopped communicating with him. The court ordered that Joseph would proceed pro se and that all pretrial deadlines remained in effect. But Joseph missed the deadline to provide the defendants with witness and exhibit lists, and the defendants moved to dismiss the case as a sanction or to bar Joseph from submitting evidence or testimony he had not disclosed. *See* FED. R. CIV. P. 16(f). The court did not rule on the motions before trial. On the day of trial, Joseph still had not supplied the defendants with the information. In a minute entry that day, the court stated: "Case is dismissed with prejudice for want of prosecution as discussed in open court." The court separately entered judgment, noting that the dismissal was decided "on a motion." Joseph appealed.

The appellees argue that we should dismiss the appeal because Joseph's brief does not address the district court's rationale, and he has failed to submit a transcript of the hearing at which the court dismissed his case. *See* FED. R. CIV. P. 10(b)(2); 28(a)(8). Although we construe pro se filings liberally, Joseph still must follow procedural rules. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Here, we agree with the appellees that Joseph's brief does not comply with Rule 28(a): it reads like a complaint and does not "describe—let alone address or refute—any of the district court's reasons" for dismissing his case. *Hicks v. Avery Drei, LLC*, 654 F.3d 739, 744 (7th Cir. 2011); *Anderson*, 241 F.3d at 545 ("[W]e cannot fill the void by crafting arguments and performing the necessary research."). In any event, we could not examine the court's decision because Joseph has not submitted a transcript of the oral ruling, as Rule 10(b)(2) requires. *See Tapley v. Chambers*, 840 F.3d 370, 375 (7th Cir. 2016); *Hall v. Jaeho Jung*, 819 F.3d 378, 382–83 (7th Cir. 2016); *Hicks*, 654 F.3d at 743–44.

DISMISSED